IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Michael H. Goss, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:05-2820-HMH |
| | ) | |
| vs. | ) | |
| | ) | |
| David Straight, | ) | |
| | ) | **OPINION & ORDER** |
| Defendant. | ) | |
| ------------------------------------------------ | ) | |
| David Straight, | ) | |
| | ) | |
| Counterclaimant and | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Pamela W. Goss; Allied Products and | ) | |
| Services, LLC; Custom Built Trusses, Inc.; | ) | |
| Commerce Properties, LLC and Structural | ) | |
| Component Systems, LLC, | ) | |
| | ) | |
| Third-Party | ) | |
| Defendants. | ) | |

This matter is before the court on four separate motions: (1) Michael H. Goss's ("Goss") motion to dismiss David Straight's ("Straight") counterclaims for lack of jurisdiction and for failure to state a claim (hereinafter "Goss's Motion to Dismiss"); (2) Pamela W. Goss, Allied Products and Services, LLC, Custom Built Trusses, Inc., Commerce Properties, LLC, and Structural Component Systems, LLC's (collectively "Third-Party Defendants") motion to strike Straight's third-party complaint (hereinafter "TPDs' Motion to Strike"); (3) the Third-Party Defendants' motion to dismiss Straight's third-party complaint

1

(hereinafter "TPDs' Motion to Dismiss"); and (4) Straight's motion for leave to amend his answer, counterclaims, and third-party complaint and to add additional parties as counterclaim defendants ("Straight's Motion to Amend").  The court grants Straight's Motion to Amend. Because the court grants Straight's Motion to Amend, Goss's Motion to Dismiss, the TPDs' Motion to Strike, and the TPDs' Motion to Dismiss are all dismissed as moot.  However, because Straight may not proceed on his counterclaims as set forth below, they are dismissed without prejudice.

## I. Factual and Procedural Background

On April 5, 2001, Straight brought an action in the South Carolina Court of Common Pleas for the Eighth Circuit against Goss, the Third-Party Defendants, and Timberline Building Systems, Inc. ("Timberline") in which he alleged numerous causes of action arising from Goss's alleged mismanagement of Timberline, a company in which both Goss and Straight are shareholders (hereinafter "State Court Action").  (TPDs' Mem. Supp. Mot. Dismiss 2.)  In the State Court Action, Timberline, Goss, and his wife, Pamela W. Goss, filed a third-party claim against Eagle's Nest Homes, Inc. ("Eagle's Nest"), a company owned by Straight.  (Id. 2 & Ex. 2 (Answer, Counterclaim, and Third-Party Compl.).)

On June 10, 2005, Timberline filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code in the District of South Carolina ("Bankruptcy Action").  (Goss's Mem. Supp. Mot. Dismiss Ex. 3 (Bankruptcy Court Order at 1).)  The State Court Action was stayed due to the Bankruptcy Action.  Straight filed a motion in the Bankruptcy Court to lift the stay to allow for the claims in the State Court Action to proceed to finality.  (Id.)  On August 27, 2005, the Bankruptcy Court granted the motion, ordering that

> the automatic stay is modified such that the Court of Common Pleas, Greenwood
> County, or South Carolina state courts, have jurisdiction of the civil action; and
> Straight, by and through Robert L. Buchanan, Jr. Esq., may prosecute any and all
> causes of action and defend any and all claims pending in the state court civil action to
> finality. Provided any monies or proceeds recovered in the state court action,
> regardless of whether the cause of action is individual to Straight or derivative in
> nature, shall be transmitted to [the] Trustee and be property of the bankruptcy estate.
> This resolution does not alter or effect [sic] the nature of the causes of action pending
> in the state court action or the trial itself.

(Id. Ex. 3 (Bankruptcy Court Order at 2).) Rather than proceed with all of the claims pending in the State Court Action, Straight elected to "take a voluntary dismissal without prejudice of the direct causes of action," with the defendants to the State Court Action waiving "any statute of limitations defenses they do not already have." (Id. Ex. 4 (Order of Sept. 29, 2005, at 1).) Pursuant to the Court of Common Pleas' September 29, 2005, order, the remaining derivative claims were referred to a special master in equity, and a trial on the derivative causes of action was held on four non-consecutive days between October 3, 2005, and October 12, 2005. (Id. at 3.) No decision has been rendered on the derivative claims. (Id.)

On September 29, 2005, Goss filed a complaint in the instant action. In his complaint, Goss alleges that Straight violated 18 U.S.C. § 2511 and South Carolina law when he taped telephone conversations that he had with Goss, beginning in 1999, and disseminated the taped conversations to third parties. (Compl. ¶¶ 3, 14-18.) Goss alleges that Straight taped these conversations for the purpose of furthering tortious acts, namely invading Goss's privacy, usurpation of corporate opportunities, and oppression of minority shareholders. (Id. ¶ 27.)

Straight filed his answer on November 2, 2005, and an amended answer on November 21, 2005. In the amended answer, Straight alleged counterclaims and lodged a third-party

3

complaint, asserting essentially the same claims that he had asserted in the State Court Action arising from Goss's alleged mismanagement of Timberline.

In Goss's Motion to Dismiss filed December 12, 2005, Goss argues that the court lacks supplemental jurisdiction to consider Straight's third-party complaint, asserting that the facts concerning Goss's actions regarding Timberline do not arise from the same common nucleus of operative facts as Straight's alleged unlawful tape recording of telephone conversations. Further, Goss argues that the court lacks subject matter jurisdiction because Straight's causes of action are barred by the dismissal in the State Court Action; that Straight failed to allege the element of special damages to bring his action (as an individual as opposed to a derivative suit on behalf of Timberline); and finally, that each cause of action in the third-party complaint must be dismissed because Straight failed to state a claim upon which relief may be granted. The TPDs' Motion to Dismiss, filed December 22, 2005, raised essentially the same arguments as Goss's Motion to Dismiss.

On December 15, 2005, the TPDs' Motion to Strike was filed. The Third-Party Defendants argue that Rule 14(a) of the Federal Rules of Civil Procedure "requires that the Third-Party Plaintiffs be liable to the Third-Party Defendant for some portion of the Plaintiff's claim." (TPDs' Mem. Supp. Strike 3.) Rule 14(a) requires that a third-party <u>defendant</u> must be liable to a third-party <u>plaintiff</u> for some portion of the plaintiff's claim. See Fed. R. Civ. P. 14(a). Although the Third-Party Defendants misstate the rule, they rely on a correct application of Rule 14(a), asserting that they cannot properly be third-party defendants, as they have not been alleged to have been involved in recording Goss's conversations and thus cannot be liable to Goss for the underlying claims. (TPDs' Mem. Supp. Strike 4.)

4

On December 30, 2005, Straight filed his response to the motions filed by Goss and the Third-Party Defendants. Straight argues that the court has jurisdiction over the counterclaims, that not all of the causes of action were subsumed by the State Court Action, and that the proposed second amended answer and counterclaims resolves many of the issues raised in the motions filed by Goss and the Third-Party Defendants. Goss filed a reply on January 12, 2006.

The final pending motion, Straight's Motion to Amend, was filed on January 13, 2005. In the memorandum supporting his motion, Straight seeks to designate the Third-Party Defendants as "Additional Counterclaim Defendants." (TPDs' Mem. Supp. Amend 1.) Straight argues that the court should grant him leave to amend his answer and counterclaims, and that "[t]he proposed amendments respond to and cure the defects complained of in the various pending motions of the Plaintiff and Third-Party Defendants." (Id. 2.)

Goss filed his response on January 27, 2006. Among other arguments, Goss asserts that Straight's proposed counterclaims are permissive and should not be allowed, that the court lacks subject matter jurisdiction of the proposed counterclaims, as the Bankruptcy Court has not given relief from the automatic stay for such causes of action, and that Straight's counterclaims are barred by the statute of limitations. Straight did not file a reply.

## II. DISCUSSION OF THE LAW

Straight alleges that his proposed second amended answer and counterclaims cure the alleged defects asserted in the motions filed by Goss and the Third-Party Defendants. Straight relies upon Johnson v. Oroweat Foods Co., 785 F.2d 503 (4th Cir. 1986), to support his argument that his motion for leave to amend should be granted. In Johnson, the Fourth

Circuit noted that "delay alone is not sufficient reason to deny leave to amend. The delay must be accompanied by prejudice, bad faith, or futility." Id. at 509-10. Further, "[l]eave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Id. at 510.

Goss contends that the court should deny Straight's Motion to Amend because allowing the amendment "is likely futile, as it appears the statute of limitations has expired on both causes of action." (Goss's Resp. Opp'n Straight's Mot. Amend 3.) Upon review, the court finds that Goss's argument that the statute of limitations has expired does not render Straight's proposed amendment "clearly insufficient or frivolous on its face" to support a denial of Straight's Motion to Amend. Johnson, 785 F.2d at 510. However, in his response, Goss also argues that Straight is barred from pursuing his two counterclaims due to the Bankruptcy Action.

> The Bankruptcy Code provides, under 11 U.S.C. § 362(a), that
>
> [e]xcept as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of–
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . .

The factual basis underlying the counterclaims Straight asserts is the same as the factual basis of the claims he raised in the State Court Action. The Bankruptcy Court gave leave to Straight to pursue – in state court – the claims raised in the State Court Action. (Goss's Mem. Supp.

6

Goss's Mot. Dismiss Ex. 3 (Bankruptcy Court Order at 2).)  However, the Bankruptcy Court did not give Straight leave to repackage and re-file those claims in federal court, and Straight has not argued that he has leave to proceed with these claims in federal court.  Moreover, Straight has failed to rebut Goss's argument that Straight was required to get leave from the Bankruptcy Court to proceed with his counterclaims.  In conclusion, the court finds that the Bankruptcy Action bars Straight from proceeding with his counterclaims in this action.  Therefore, although Straight's Motion to Amend his answer is granted, Straight's counterclaims are dismissed.[1]

---

[1] The court also notes that Straight may not proceed on his third affirmative defense, which states that Goss's claims were compulsory counterclaims in the State Court Action, because the court granted Goss's motion to strike this defense in its January 30, 2006, order.

7

It is therefore

**ORDERED** that Straight's Motion to Amend, document number 24, is granted. It is further

**ORDERED** that Straight's two counterclaims are dismissed without prejudice. It is further

**ORDERED** that Goss's Motion to Dismiss, document number 14, is dismissed as moot. It is further

**ORDERED** that the TPDs' Motion to Strike, document number 17, is dismissed as moot. It is further

**ORDERED** that the TPDs' Motion to Dismiss, document number 20, is dismissed as moot.

**IT IS SO ORDERED.**

                                                        s/ Henry M. Herlong, Jr.
                                                       United States District Judge

Greenville, South Carolina
February 9, 2006